# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CARLOS SANCHEZ, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-18-586-R |
| | ) |
| JASON BRYANT, Warden, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Petitioner filed this action challenging a conviction in the District Court of Canadian County, Oklahoma. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) the matter was referred to United States Magistrate Judge Gary M. Purcell for preliminary review. On August 28, 2018, Judge Purcell issued a Report and Recommendation wherein he recommended that the petition be dismissed as second and successive, as argued by Respondent in his motion to dismiss. The matter is currently before the Court on Petitioner's timely objection to the Report and Recommendation, which gives rise to the Court's obligation to undertake a *de novo* review of those portions of the Report and Recommendation to which Petitioner makes specific objection. Having conducted this *de novo* review, the Court finds as follows.

Petitioner concedes this is his second petition seeking relief pursuant to 28 U.S.C. § 2254 with regard to the same state conviction. He argues that, rather than dismissing the petition, the Court should transfer it to the Tenth Circuit so he can seek leave to file a second or successive petition. Judge Purcell recommended dismissal rather than transfer

because the petition is untimely pursuant to the AEDPA, and further, Petitioner cannot meet the standard for filing a successive petition, because his claims do not rely on a new rule of constitutional law made retroactively applicable to cases on collateral review, and further, he cannot demonstrate that the factual predicate of his claims could not have been discovered previously through the exercise of due diligence.

Nothing in the objection to the Report and Recommendation provides a basis for disregarding or altering Judge Purcell's conclusion and recommendation. As noted by the Report and Recommendation, although "Petitioner may not have been aware that seized evidence had been destroyed, he could have made a request for DNA testing at the time of his trial and certainly prior to the filing of his first habeas petition." (Doc. No. 17, p. 8). Petitioner may seek permission to proceed with a successive petition directly from the Tenth Circuit; the Court declines his request to transfer this action.

For the reasons set forth herein the Motion to Dismiss (Doc. No. 13) is GRANTED and the petition is hereby DISMISSED. The Report and Recommendation is ADOPTED IN ITS ENTIRETY.

**IT IS SO ORDERED** this 10th day of September 2018.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE